UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELI COTRUFELLO,

    Petitioner,

v.                                         CASE NO. 6:09-cv-1777-Orl-36KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 7). Petitioner was given an opportunity to file a reply but he has not done so.

Petitioner alleges one claim for relief, that trial counsel rendered ineffective assistance by misrepresenting the sentence that he would receive. For the following reasons, the Court finds that Petitioner is not entitled to relief on his claim.

## I. *Procedural History*

Petitioner was charged by information with one count of home invasion robbery

with a firearm. Petitioner entered an open guilty plea to the charged crime. The trial court sentenced Petitioner to a thirty-year term of imprisonment. Petitioner appealed, and appellate counsel filed an *Anders*[1] brief and moved to withdraw from the case. The Fifth District Court of Appeal granted the motion to withdraw and affirmed *per curiam*. Petitioner subsequently filed a Rule 3.850 motion for post-conviction relief alleging one claim. The trial court summarily denied the claim. The appellate court *per curiam* affirmed. The instant federal habeas corpus petition follows.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See Brown v. Patton*, 544 U.S. 133, 141 (2005); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson v. Calliper*, 527 F.3d 1144, 1146 (11th Cir. 2008).

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006)(citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "[T]o be 'contrary to' clearly established federal law, the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts." *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010) (internal quotations and citation omitted); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18; *Ward*, 592 F.3d at 1155.

### B.     *Standard for Ineffective Assistance of Counsel*

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). *Newland v. Hall*, 527 F.3d 1162, 1183 (11th Cir. 2008).

3

Post-AEDPA, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. *Newland*, 527 F.3d at 1184. In *Strickland*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Strickland*, 466 U.S. at 687-88; *see also Bobby Van Hook*, 130 S. Ct. 13, 16 (2009). A habeas court's review of a claim under the *Strickland* standard is "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (April 4, 2011) (quoting *Knowles v. Mirzayanze*, 129 S. Ct. 1411, 1420 (2009) (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Bobby Van Hook*, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690),

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

applying a "highly deferential" level of judicial scrutiny. *Id.* A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir. 1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

### III. Analysis

Petitioner claims that trial counsel was ineffective for misrepresenting the sentence that he would receive (Doc. No. 1 at 6).[3] Petitioner specifically alleges that trial counsel

---

[3]To the extent that Petitioner has added new factual allegations to support his claim, the Court notes that these additional facts were not exhausted in the state courts. Petitioner now argues in his petition, for the first time, that trial counsel told him that although the trial court would inform him he could receive up to life in prison, he would only receive a sentence of twenty years or less (Doc. No. 1 at 9). Moreover, Petitioner asserts that trial counsel told him to state that there was no promise with regard to the sentence he would receive even though an actual promise was made. *Id.* The exhaustion requirement is not satisfied if a petitioner presents new legal theories or factual claims in his federal habeas petition. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996); *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Derrick v. Secretary, Dep't of Corr.*, No. 8:08-cv-1335-T-23TBM, 2010 WL 3819332, at *3 (M.D. Fla. Sept. 29, 2010). Thus, the Court cannot consider these new factual claims. Moreover, the Court is precluded from considering the new factual claims as they would be procedurally defaulted if Petitioner returned to state court. *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009). Additionally, Petitioner has neither alleged nor shown cause or prejudice that would excuse any procedural default. Likewise, he has not shown

advised him to reject the State's twenty-year plea offer and enter an open plea because he would likely receive a ten-year sentence. *Id.* Petitioner contends that he was never advised that the trial court could sentence him to thirty years in prison. *Id.* Additionally, Petitioner states that he never discussed with counsel the fact that he could receive a life sentence. *Id.* at 8. Petitioner maintains that had he known he would be sentenced to thirty years in prison, he would have accepted the State's plea offer, as counsel's advice did not amount to sound strategy and was a "dangerous gamble." *Id.*

Petitioner raised this ground in his Rule 3.850 motion for post-conviction relief (App. C). The state trial court denied the claim, stating the following:

> The Defendant alleges that his trial counsel misrepresented the potential sentence exposure he faced by entering an open guilty plea by telling him that he would receive a sentence of between 10-20 years, but no more than 20 years in prison as a consequences of his plea. However, the written plea form reflects that the charge was a 1PBL (first degree felony punishable by life in prison). *See* Exhibit A, Plea Form. The record reflects that Mr. Sawtelle [defense counsel] and the Court advised the Defendant at the plea hearing that the maximum potential sentence he faced as a consequence of his plea was life in prison. *See* Exhibit B, Plea Transcript, pages 3-4. The Defendant also acknowledged on the written plea form and also orally to the Court during the plea colloquy that no promises had been made to him regarding any potential sentences he would receive at a subsequent sentencing hearing. *See* Exhibit A, paragraph 5; and Exhibit B, pages 5-6. The Court finds that the cited portions of the record conclusively refute the Defendant's claim that he was not warned prior to the entry of his plea that his open plea exposed him to a sentence greater than 20 years in

---

the applicability of the actual innocence exception. *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Even if these factual bases could be addressed on the merits, the Court also notes that Petitioner is bound by his sworn answers to the trial court and cannot now essentially allege that he committed perjury during the plea colloquy because his attorney instructed him to lie to the trial court. *Blackledge v. Allison*, 432 U.S. 63, 73-74 (1977); *Iacono v. State*, 930 So. 2d 829, 831-32 (Fla. 4th DCA 2006).

> prison.
>
> The Defendant further alleges that he rejected the State's 20 year plea offer based upon trial counsel's representation or promise that he could obtain a sentence of less than 20 years for the Defendant based upon the State's failure to include the allegation of discharge of the firearm in the Information. The Defendant contends that he would have accepted the State's 20 year plea offer, and received a lower sentence than the 30 years he ultimately received but for counsel's supposed misadvice and alleged minimizing the risk the Defendant was taking by entering an open plea. However, the Court finds that the record conclusively refutes this claim. In the written plea form, the Defendant acknowledged that no one had promised him anything to get him to enter his plea. *See* Exhibit A, paragraph 5. Additionally, the plea transcript reflects that the Defendant orally acknowledged to the Court that he had received no promises as to what sentence he would receive as a consequence of his plea. *See* Exhibit B, pg. 5-6.

(App. C at 33-34). The appellate court affirmed *per curiam. Id.* at 60.

In analyzing the constitutionality of a guilty plea, a reviewing court must determine that the plea represents a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Additionally, the Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 73-74. The Eleventh Circuit Court of Appeals has held that "[a] reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir.

1991).

The record supports the state court's denial of this claim. The written plea form, signed by Petitioner, states that he is pleading guilty to a first degree felony punishable by life (App. A at 124). Moreover, the plea form provides that no one has promised Petitioner anything in exchange for the plea and that Petitioner understands that there is no promise as to any specific sentence. *Id.* During the plea colloquy, defense counsel told the trial court that he had advised Petitioner of the maximum sentence he was facing, life imprisonment. *Id.* at 169. The trial court made note of the fact that the State had made an offer of twenty years in prison, which Petitioner declined. *Id.* at 170. The court then again advised Petitioner that he was facing a potential life sentence. *Id.* Petitioner told the court that he had read and signed the open plea form and understood that there were no promises made as to what sentence he might receive. *Id.* at 171-72. The court further noted that it would listen to evidence at the sentencing hearing in order to determine what an appropriate sentence would be in this case. *Id.* at 173.

Petitioner has not demonstrated that trial counsel acted deficiently in this case. Petitioner was advised by defense counsel and the trial court that he could potentially receive life in prison. Moreover, the plea form, which Petitioner stated he had read and understood, indicated that he was entering a plea to a first degree felony punishable by life and that there was no promise of a specific sentence. Even if counsel had stated that Petitioner likely would receive less than twenty years in prison, Petitioner told the court that he understood that there were no promises as to a specific sentence in this case.

8

Petitioner's sworn statements to the trial court carry a strong presumption of truth and Petitioner has not sufficiently demosntrated that this Court should overlook those statements. *Blackledge*, 430 U.S. at 74; *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Petitioner has not shown that but for trial counsel's deficiencies that he would not have entered the open plea and instead would have gone to trial. The state court's determination of this claim is neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, this claim is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Eli Cotrufello (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 16th day of July, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-3 7/16
Counsel of Record
Eli Cotrufello